EDMUND H. BENNETT *vs.* JOHN RUSSELL & others.

!n an action upon an administrator's bond, in which the breach assigned in the declaration is that he has neglected and refused to render and settle his account of administration, though cited and required by the judge of probate to do so, the writ should not bear upon it an indorsement that the action is brought for the benefit of the heirs at law of the intestate, or any other particular persons; and if it does, and it appears that the action is in fact brought for the benefit of all persons interested in the estate, the court may, on motion of the plaintiff, order the indorsement to be stricken off, after which the action may be prosecuted by the plaintiff to final judgment.

If an administrator has not been removed from office, who has neglected and refused to render and settle his account of administration, after being cited and required by the judge of probate to do so, the entry of judgment for the plaintiff in an action upon his bond for the breach will be suspended, until an opportunity has been afforded for an application to the probate court for his removal.

CONTRACT, brought by the judge of probate for the county of Bristol, upon a bond given by the defendant Russell, as administrator of the estate of Perry Russell, with the other defendants as sureties. The breach of the bond assigned in the declaration was as follows: " And the said Russell, the administrator, was by the said judge of probate duly cited and required to render and settle his account of his administration of said estate in said probate court, and has refused and neglected so to do, and still refuses and neglects to render and settle the same." The writ bore the following indorsement: " This action is brought by leave of the court of probate and insolvency, for the benefit of Artemas Willard, [and several others, who were named,] heirs of the late Perry Russell." The other facts, which were reported by *Dewey*, J., are stated in the opinion.

*T. Weston Jr.*, for the plaintiff.

*C. I. Reed*, for the defendants.

MERRICK, J. The claim in behalf of the plaintiff is, not that this action can be maintained to enable the heirs at law of the intestate to recover and have execution for their respective shares of his personal estate; but that it may be to recover the penalty of the bond for the alleged breach thereof by the administrator in neglecting and refusing to render and settle his account of administration in the probate court, after he had

been duly cited and required to do so.　The defendants contend that it cannot be maintained for that purpose or for that reason, because it appears from the statement in the indorsement upon the writ that the action is brought for the benefit of Artemas Willard and others, who are the heirs at law.　This is upon the ground that this statement shows conclusively that the action is brought and prosecuted for the benefit of the heirs at law, and to recover their respective shares of the personal property of the intestate, and not on account of the breach of the condition of the bond by the administrator, in refusing to render and settle an account of his administration of the estate.

But the record shows that in this the defendants are entirely mistaken, and that the object and purpose for which the suit was commenced and has been continued to be prosecuted were wholly different from those which they suppose and assert.　The declaration, after alleging the execution of the bond by the defendants, proceeds to aver that the said Russell, the administrator, was duly cited and required by the court of probate to render and settle his account of his administration of the estate, that he refused and neglected, and has ever since refused and neglected so to do, whereby a breach of the condition of the bond has been committed.　It contains no averment concerning a decree of distribution, ascertaining the share or amount of the personal estate due to the heirs, or to any one of them, or concerning any demand for the payment of such amount or share.

It is clear, therefore, from the record itself, that the object of the suit is to recover the penalty of the bond on account of unfaithfulness in the administrator, and not that the heirs at law may thereby directly recover and have execution for their respective shares of the estate, but for the general benefit of all persons interested in, or entitled to, any part of it.

By the Gen. Sts. *c.* 101, § 25, it is provided that in all cases in which any person or party for any purpose may prosecute an action against the obligors of an administration bond given to the judge of probate, in his name, the writ shall be indorsed by the persons for whose benefit or at whose request the action is

brought; and also that when any action is brought by any persons as creditors or next of kin, as before provided, there shall be a further indorsement on the writ, specifying that it is brought for the benefit of such creditors or next of kin. Now in recurring to those previous provisions which are thus referred to, it is found that the only persons who are entitled to bring an action on the bond for their own benefit are, 1. A creditor, who, having recovered judgment for his debt against the executors or administrators, has not been paid on demand, or had goods or estate of the deceased shown to him, to be taken on execution for that purpose ; 2. A creditor of an insolvent estate, where the amount due to him has been ascertained by a decree of distribution, and the executor or administrator has neglected to pay the same upon demand ; and, 3. The next of kin, after a decree of the probate court ascertaining the amount due to them respectively, when the executor or administrator neglects to pay the same when demanded. Ib. §§ 19, 20, 21. So that it appears that those creditors and persons next of kin who have an absolute and unqualified right to prosecute a suit upon the bond for themselves, in the cases thus particularly specified, are the only persons who are required by the provisions of § 25 to indorse upon the writ that the action is brought for their benefit.

By § 22 the court of probate may, upon the representation of any person interested in the estate that the executor or administrator has failed to perform his duty in any particular other than those before specified, authorize any creditor or next of kin to bring an action on the bond. An action brought under such circumstances is not for the personal benefit or individual advantage of those by whom, under leave of the probate court, it is prosecuted ; and therefore no such additional indorsement upon the writ as, in reference to another class of cases, is required by the statute, could be properly or truthfully made. And therefore, if an indorsement to that effect should be in fact made upon the writ, it ought to be regarded either as having been placed there by accident and mistake, or construed as intending to express an intention to carry on the suit for the general and common advantage of all persons and parties having any interest

in the estate; or, what would seem to be the most direct and effectual course to be pursued to prevent such an indorsement from producing any impediment in the prosecution of the action, or injury to any of the parties to it, it might be proper for the court, when it appears upon the face of the record that the action is brought and prosecuted, in one of the cases provided for in § 22 above mentioned, by leave of the court of probate, for any of the causes there referred to, to order and direct that the indorsement should be annulled and stricken from the writ. Such an amendment is clearly allowable under the statute, when required for the purpose of enabling the plaintiff to maintain the action for the cause for which it was brought. Gen. Sts. *c.* 129, § 41.

A motion to this effect was made in behalf of the plaintiff at the argument; and as it is not claimed by those at whose request the action is brought that it is prosecuted for their especial benefit, or for the recovery of the shares of the personal property of the intestate to which the heirs at law are respectively entitled, and as it appears that the leave given by the court of probate was founded upon a representation of the alleged unfaithfulness of the administrator in the discharge of his duties, and as the declaration alleges his neglect and refusal after due notice and citation to render and settle his account, it is reasonable and just that it should be allowed. Leave to amend the indorsement upon the writ, by striking therefrom the statement that the action is brought for the benefit of Artemas Willard and others, heirs at law of the intestate, is therefore granted; and this being in reference to a mere matter of form, and the defendants having been notified at the commencement of the suit by the averments in the declaration of the real cause of action, no terms are to be imposed upon the plaintiff. This amendment being made, the only objection which has been suggested, or which appears to exist, to the maintenance of the action, is entirely obviated, and judgment must be rendered for the plaintiff, and, according to the agreement of the parties in this event, for the penalty of the bond.

But as it is shown that the breach of the bond consists in the

culpable omission and neglect of the administrator in the discharge of his duties, it is not right or proper that the avails of the judgment should come into his hands or possession. The course to be pursued is therefore that which is indicated by the court in its decision in the case of *Newcomb* v. *Williams*, 9 Met. 525. This is to suspend the entry of judgment until the further order of the court, and until an opportunity is afforded for an application to the court of probate for the removal of the present administrator on account of his unfitness for, and his unfaithfulness in, his office, and for the appointment and qualification of some other person to be administrator in his place. The final judgment in the action may be rendered upon a motion hereafter to be submitted to the court for that purpose.